# EXHIBIT J

# STATE OF NEW MEXICO
## GAMING CONTROL BOARD



**New Mexico**

Susana Martinez
Governor

Jeffrey Landers
Board Chair

## CONFIDENTIAL

Date: May 31, 2017

Tommy Simmons, Executive Director  
Sandia Tribal Gaming Commission  
30 Rainbow Road NE  
Albuquerque, New Mexico 87113

Via First Class Mail and  
Email tsimmons@gaming.sandiapueblo.nsn.us

**Re: Notice to Cease Conduct**

Dear Mr. Simmons:

On April 13, 2017, the Pueblo of Sandia was served with a Notice of Noncompliance, pursuant to Sections 7.A and 9.B of the 2015 Tribal-State Gaming Compact ("2015 Compact") between the Pueblo of Sandia ("Pueblo") and the State of New Mexico ("State"). The deadline for reaching a resolution that is satisfactory to the State was extended from May 3, 2017 to May 19, 2017 at the request of the attorneys for the various Gaming Tribes. Because the Pueblo of Sandia failed to make any offer of comprise to resolve the noncompliance and instead chose to renew its arguments regarding the requirements of the 2007 Compact's revenue share provision, the State is issuing this Notice to Cease Conduct pursuant to the provisions of Section 7 of the 2015 Compact.

Section 7.A.2. of the 2015 Compact provides:

> " In the event an allegation by the complaining party is not resolved to the satisfaction of such party within twenty (20) days after service of the notice set forth in Paragraph A(1) of this Section, the complaining party may serve upon the other party a notice to cease conduct of the particular game(s) or activities alleged by the complaining party to be in noncompliance. Upon receipt of such notice, the responding party may elect to stop the game(s) or activities specified in the notice or invoke arbitration and continue the game(s) or activities pending the results of arbitration. The responding party shall act upon one of the foregoing options within ten (10) days of receipt of notice from the complaining party, unless the State and the Tribe (hereinafter the "parties") agree to a longer period, but if the responding party takes neither action within such period the complaining party may invoke arbitration by written notice to the responding party within ten (10) days of the end of such period.

The Pueblo is required to cease its failure to comply with the requirements of Section 11 of the 2007 Compact related to the computation of "Net Win" and the payment of revenue sharing. Thus within, ten (10) days the Pueblo is required to pay all sums due or to invoke arbitration.

For the period from April 1, 2011 through April 3, 2016, the Pueblo has underpaid revenue sharing to the State in the amount of $25,845,220.

In addition, the Pueblo's failure to submit the full amount of revenue sharing due to the State, the Pueblo also failed to pay the State the interest that accrued pursuant to the terms of Section 11.C.3 of the 2007 Compact. Section 11.C.3 provided for interest on any unpaid amounts as follows: "Any payment or portion thereof that is not made within ten (10) days of the due date shall accrue interest at the rate of ten percent (10%) per annum, from the original due date until paid." Interest through March 31, 2017 is $646,130, bringing the total amount owed to the State to $26,491,350.

Please be reminded that Section 7 of the 2015 Compact between the State and the Pueblo provides in pertinent part:

> SECTION 7. Dispute Resolution.
>
> A. In the event either party believes that the other party has failed to comply with or has otherwise breached any provision of this Compact, such party may invoke the following procedure within two (2) years from the date any alleged violation of this Compact is discovered or reasonably should have been discovered; or, if the State believes that, prior to the Effective Date of this Compact, the Tribe has failed to comply with or has otherwise breached any provision of a Predecessor Agreement affecting payment, the State may invoke the following procedure within two (2) years of the Effective Date of this Compact, as permitted in Section 9(B) of this Compact:
>
>> 1. The party asserting noncompliance shall serve written notice on the other party. The notice shall identify the specific Compact provision believed to have been violated and shall specify the factual and legal basis for the allegation of noncompliance. The notice shall specifically identify the date, time and nature of the alleged noncompliance.
>>
>> 2. In the event an allegation by the complaining party is not resolved to the satisfaction of such party within twenty (20) days after service of the notice set forth in Paragraph A(1) of this Section, the complaining party may serve upon the other party a notice to cease conduct of the particular game(s) or activities alleged by the complaining party to be in noncompliance. Upon receipt of such notice, the responding party may elect to stop the game(s) or activities specified in the notice or invoke arbitration and continue the game(s) or activities pending the results of arbitration. The responding party shall act upon one of the foregoing options within ten (10) days of receipt of notice from the complaining party, unless the State and the Tribe (hereinafter the "parties") agree to a longer period, but if the responding party takes neither action within such period the complaining party

may invoke arbitration by written notice to the responding party within ten (10) days of the end of such period.

Accordingly, we respectfully request that the Pueblo cure its breach of the 2007 Compact concerning payment to the State in the amount of $26,491,350 or invoke arbitration within 10 days of this notice.

Sincerely,

*[signature]*

Paulette Becker
Acting State Gaming Representative

cc: New Mexico Gaming Control Board
    File