UNITED STATES IDSTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE PUEBLO OF ISLETA, a federally-recognized Indian tribe, THE PUEBLO OF SANDIA, a federally-recognized Indian tribe, and THE PUEBLO OF TESUQUE, a federally-recognized Indian tribe,

    Plaintiffs,

PUEBLO OF SANA ANA, a federally-recognized Indian tribe and PUEBLO OF SANTA CLARA, a federally-recognized Indian tribe,

PUEBLO OF SAN FELIPE, a federally-recognized Indian tribe,

    Plaintiffs-in-Intervention,

v.

SUSANA MARTINEZ, in her official capacity as Governor of the State of New Mexico, JEFFREY S. LANDERS, in his official capacity as Chair of the Gaming Control Board of the State of New Mexico, PAULETTE BECKER, in her official capacities as State Gaming Representative and as a member of the Gaming Control Board of the State of New Mexico, and SALVATORE MANIACI, in his official capacity as a member of the Gaming Control Board of the State of New Mexico,

    Defendants.

No. 17-cv-654-SCY-KK

### DEFENDANTS' ANSWER TO THE PUEBLO OF SAN FELIPE'S COMPLAINT IN INTERVENTION

    Defendants Susana Martinez, in her official capacity as Governor of the State of New Mexico, Jeffrey S. Landers, in his official capacity as Chair of the Gaming Control Board of the State of New Mexico, Paulette Becker, in her official capacities as State Gaming Representative and as a member of the Gaming Control Board of the State of New Mexico, and Salvatore

Maniaci, in his official capacity as a member of the Gaming Control Board of the State of New Mexico (together "Defendants"), by and through their attorneys of record, Rodey, Dickason, Sloan, Akin & Robb, P.A., for their answer to the Complaint in Intervention ("Complaint") filed by Plaintiff in Intervention the Pueblo of San Felipe a federally-recognized Indian tribe ("Plaintiff"), state as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff has brought an action against Defendants for declaratory and prospective injunctive relief, but deny Plaintiff's entitlement to the same. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. In response to Paragraph 7 of the Complaint, Defendants admit that the Court has jurisdiction over the subject matter but have insufficient information to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint, and therefore deny the same.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

## FACTS

9. The allegations in Paragraph 9 of the Complaint contain legal allegations that do not require a response. To the extent a response is required, Defendants deny the same.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore deny the same.

15. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore deny the same.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint contain legal allegations that do not require a response. To the extent a response is required, Defendants deny the same.

22. The allegations in Paragraph 22 of the Complaint contain legal allegations that do not require a response. To the extent a response is required, Defendants deny the same.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 of the Complaint contain legal allegations that do not require a response. To the extent a response is required, Defendants deny the same.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

## CLAIM

33. In response to the allegations contained in paragraph 33 of the Complaint, Defendants re-allege and incorporate by reference their previous responses as if fully set forth herein.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "Wherefore" paragraph following Paragraph 35 of the Complaint.

## ADDITIONAL DEFENSES

37. All allegations in the Complaint that are not expressly admitted in this Answer are denied.

38. The Complaint, at least in part, fails to state a claim upon which relief can be granted.

39. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and unclean hands.

40. Plaintiff has failed to join a party under Federal Rule of Civil Procedure 19.

41. Plaintiff's claims are subject to arbitration.

42. Insufficient service of process with respect to Defendants Jeffrey S. Landers, Paulette Becker, and Salvatore Maniaci.

43.     Defendants do not knowingly or intentionally waive any applicable affirmative defenses.  Defendants affirmatively reserve the right to assert additional defenses that they may discover after appropriate discovery and to which it may be entitled under the law, including case law, statutes, and rules.

WHEREFORE, Defendants request that the Court enter an order dismissing the Complaint, with prejudice, and that it award costs and attorneys' fees and such other relief as is just and proper.

Respectfully submitted,

Dated: August 31, 2017        RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____/s/ Krystle A. Thomas_____
   Nelson Franse
   Ed Ricco
   Krystle A. Thomas
P. O. Box 1888
Albuquerque, NM 87103
Telephone:  (505) 765-5900
FAX:  (505) 768-7395
nfranse@rodey.com
ericco@rodey.com
kthomas@rodey.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By __/s/ Krystle A. Thomas_____
   Krystle A. Thomas