IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **THE PUEBLO OF ISLETA,** a federally-recognized Indian tribe, **THE PUEBLO OF SANDIA,** a federally-recognized Indian tribe, and **THE PUEBLO OF TESUQUE,** a federally-recognized Indian tribe,<br><br>       Plaintiffs,<br><br>**PUEBLO OF SANTA ANA,** a federally-recognized Indian tribe, and **PUEBLO OF SANTA CLARA,** a federally-recognized Indian tribe,<br><br>**PUEBLO OF SAN FELIPE,** a federally-recognized Indian tribe,<br><br>       Plaintiffs-in-Intervention,<br><br>v.<br><br>**SUSANA MARTINEZ,** in her official capacity as Governor of the State of New Mexico, **JEFFREY S. LANDERS,** in his official capacity as Chair of the Gaming Control Board of the State of New Mexico, **PAULETTE BECKER,** in her official capacities as State Gaming Representative and as a member of the Gaming Control Board of the State of New Mexico, and **SALVATORE MANIACI,** in his official capacity as a member of the Gaming Control Board of the State of New Mexico,<br><br>       Defendants. | No. 1:17-cv-00654-KG-KK |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO CONSOLIDATE, ECF NO. 50**

Plaintiffs the Pueblo of Isleta, the Pueblo of Sandia and the Pueblo of Tesuque, and

Plaintiffs-in-Intervention the Pueblo of Santa Clara, the Pueblo of San Felipe, and the Pueblo

of Santa Ana (collectively, "Pueblos") hereby submit this response in opposition to Defendants' Motion to Consolidate, ECF No. 50, filed on October 27, 2017, by Defendants Susana Martinez, Jeffrey S. Landers, Paulette Becker, and Salvatore Maniaci (collectively, "Defendants").

Defendants request that the case *New Mexico v. Pueblo of Isleta, et al.*, Case No. 1:17-cv-00995-JB-KK (D.N.M., filed Sept.29, 2017) (the "*State's Case*"), be consolidated into this case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. to Consol. at 2, ECF No. 50. As explained in more detail below, cases should not be consolidated under Rule 42(a) when there is an undecided question as to whether the court has jurisdiction over one of the cases. The Pueblos have filed a motion to dismiss all claims in the *State's Case* for lack of subject matter jurisdiction on the grounds that all of the State's claims are barred by the Pueblos' sovereign immunity. The Court should therefore deny Defendants' Motion to Consolidate, with leave to renew the motion if the Pueblos' motion to dismiss in the *State's Case* is denied.

## ARGUMENT

Motions to consolidate are governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the court." *Quintana-Speas v. TCDC Torrance Cty. Det. Ctr.*, No. CV 17-00230-MCA-SCY, 2017 WL 3084468, at *1 (D.N.M. July 17, 2017) (citing *Shump v. Balka,* 574 F.2d 1341, 1344 (10th Cir. 1978)). "The

party moving for consolidation bears the burden of proving that consolidation is desirable." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994); *accord,* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2383 (3d ed.) ("On a motion to consolidate, the moving party bears the burden of proof.").

In order for a court to consolidate two actions under Rule 42, both actions must be properly before the court. *See United States ex rel. Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("Rule 42(a) requires that *both* actions be 'pending before the court' and an improperly removed action does not meet this criterion."); *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same court."). A court should not consolidate under Rule 42 "until it determines jurisdiction and whether a case is properly in federal court." *See Great Am. Ins. Co. v. Crabtree*, No. CIV 11-1129-JB-KBM, 2012 WL 3656500, at *18 (D.N.M. Aug. 23, 2012). Federal courts have declined to consolidate cases when there is an undecided question as to whether one of the cases is properly in federal court. *Id.* at *18–*20 (discussing cases). In *Great American Insurance Co.*, the court denied a motion to consolidate due to a pending motion to remand one of the cases, with leave to renew the motion if the motion to remand was denied. *Id.* at *20. The Fifth Circuit has held that a district court erred where it consolidated cases prior to determining "the jurisdictional premise upon which each stands and the propriety of removal or remand resulting therefrom." *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997). Similarly, the United States District Court for the Southern District of Alabama found that it was "clearly premature even to consider consolidating" when a motion to remand challenging subject

3

matter jurisdiction was pending in the other case. *Williams v. Ameriquest Mortg., Co.*, No. CIV.A. 07-0325-WSM, 2007 WL 2254416, at *2 (S.D. Ala. Aug. 2, 2007).[1]

On September 29, 2017, the State filed its Complaint for Breach of Contract against the Pueblos in the *State's Case*, which asserted two causes of action for breach of contract against the Pueblos. *See* Compl. for Breach of Contract at 29–34, *State's Case*, ECF No. 1. On October 27, 2017, the Pueblos filed a motion to dismiss the complaint on the ground that both of the State's claims are barred by the Pueblos' sovereign immunity, and therefore the court lacks subject matter jurisdiction over the claims. *See* Defs.' Mot. to Dismiss Compl. for Breach of Contract at 1–2, *State's Case*, ECF No. 12. The State opposed the Pueblos' motion to dismiss, but has not yet filed its response in opposition. *Id*. at 2.

The Pueblos' pending motion to dismiss the *State's Case* raises the question of whether that case is properly before the Court. Because the Tenth Circuit has held repeatedly that tribal sovereign immunity "is a matter of subject matter jurisdiction," *see, e.g., E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302 (10th Cir. 2001), the Court must dismiss the action, if the Court determines that the State's claims are barred by tribal sovereign immunity. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). The cases should therefore not be consolidated prior to a determination of this jurisdictional question in the *State's Case*. *See Great Am. Ins. Co.*, 2012 WL 3656500, at *18–*20 ("[T]he Court should not consolidate or do anything on a case until it determines jurisdiction and whether a case is properly in federal court."); *see also In re Excel Corp.*, 106 F.3d at 1201; *Williams*, 2007 WL 2254416, at *2. The Pueblos' motion to dismiss in the *State's Case* will decide whether that action is properly "before the

---

[1] *But see Amigos Bravos v. U.S. BLM*, No. CV 09-37-RB-LFG, 2009 WL 10664475, at *4 (D.N.M. Aug. 19, 2009); *report and recommendation adopted*, 2009 WL 10664476, at *1 (D.N.M. Sept. 10, 2009). *Amigos Bravos* consolidated two parallel appeals from the same administrative agency decision, even though there were pending motions to dismiss in each case. That was because the motions to dismiss were "base[d] on the same legal arguments," and therefore judicial economy supported deciding them in the same consolidated proceeding. *Id.* This is not such a case.

court," as required for consolidation under Rule 42(a). Consolidation prior to that determination would alter the Pueblos' rights before a determination had even been made as to whether this Court has jurisdiction, which would be improper. *See In re Excel Corp.*, 106 F.3d at 1201. Accordingly, this Court should deny the Defendants' Motion to Consolidate, without prejudice to renew the motion if the Pueblos' motion to dismiss in the *State's Case* is denied. *See Great Am. Ins. Co.*, 2012 WL 3656500, at *20.[2]

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Consolidate should be denied with leave to renew if the Pueblos' motion to dismiss is denied in the State's action.

Date: November 2, 2017

Respectfully submitted,

/s/ Richard W. Hughes

Richard W. Hughes
Donna M. Connolly
Reed C. Bienvenu
Rothstein Donatelli LLP
P.O. Box 8180; 1215 Paseo de Peralta
Santa Fe, Mexico 87504
(505) 988-8004
rwhughes@rothsteinlaw.com
dconnolly@rothsteinlaw.com
rbienvenu@rothsteinlaw.com

*Attorneys for Defendants*
*Pueblo of Santa Ana and Pueblo of Santa Clara*

---

[2] Because the cases cited in the text indicate quite clearly that the Defendants' motion should be denied, the Pueblos here give only an overview of one practical reason why consolidation would not achieve Rule 42's goal of "judicial economy." Unlike this case, the *State's Case* seeks damages, the calculation of which raises distinct factual issues. Those issues would become relevant only after resolution of the federal law issues raised by the Pueblos in this case, which the Pueblos assert will dispose of this case entirely. Given the differences in the cases, therefore, consolidation would raise immediate discovery issues regarding scope and timing under the discovery schedule approved by Judge Khalsa. ECF No. 48. Such issues would complicate rather than simplify the adjudication of these cases, providing an independent basis for denial of the Defendants' motion, certainly at this early juncture.

/s/ David C. Mielke
David C. Mielke
Sonosky, Chambers, Sachse,
  Mielke & Brownell, llp
500 Marquette Avenue NW, Suite 660
Albuquerque, NM 87102
(505) 247-0147
dmielke@abqsonosky.com

/s/ Douglas B. L. Endreson
Douglas B. L. Endreson
Frank S. Holleman.
Sonosky, Chambers, Sachse,
  Endreson & Perry, llp
1425 K St NW, Suite 600
Washington, DC 20005
(202) 682-0240
dendreson@sonosky.com
fholleman@sonosky.com

*Attorneys for Defendants*
*Pueblo of Isleta and Pueblo of Sandia*

/s/ Thomas J. Peckham
Thomas J. Peckham
Nordhaus Law Firm, llp
6705 Academy Rd. NE, Ste. A
Albuquerque, NM 87109-3361
(505) 243-4275
tpeckham@nordhauslaw.com

*Attorney for Defendant*
*Pueblo of Tesuque*

/s/ Gwenellen P. Janov
Gwenellen P. Janov
Janov Law Offices, P.C.
901 Rio Grande Blvd. NW., Suite F-144
Albuquerque, New Mexico 87104
(505) 842-8302
gjanov@janovlaw.com

/s/ Joe M. Tenorio
Joe M. Tenorio
Tenorio Law Offices, P.A.
13383 Briarwood Dr.
Broomfield, CO 80020
(505) 228-4823
joe@tenoriolawoffices.com

*Attorneys for Defendant*
*Pueblo of San Felipe*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2017, I caused the foregoing to be filed using CM/ECF, which caused all parties or counsel to this case to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Richard W. Hughes