IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF ISLETA *et al.*,

    Plaintiffs,

vs.                                                                Civ. No. 17-654 KG/KK

MICHELLE LUJAN GRISHAM[1] *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO EXCLUDE TELLE AFFIDAVIT

THIS MATTER is before the Court on Plaintiffs' and Plaintiffs-in-Intervention's Motion to Exclude Affidavit of Craig S. Telle, JD, CFE (Doc. 112) ("Motion to Exclude"), filed October 29, 2018.[2] In this motion, Plaintiffs the Pueblos of Isleta, Sandia, and Tesuque, and Plaintiffs-in-Intervention the Pueblos of Santa Ana, Santa Clara, and San Felipe (collectively, "the Pueblos") seek to exclude from the record the Affidavit of Craig S. Telle, JD, CFE (Doc. 99-12) attached to Defendants' Consolidated Response to Plaintiffs Pueblo of Isleta's and Pueblo of Sandia's Motion for Summary Judgment and Plaintiffs-in-Intervention Santa Ana, Santa Clara and San Felipe's and Plaintiff Tesuque's Motion for Summary Judgment, (Doc. 99), filed September 24, 2018. The Pueblos offer two arguments in support of their Motion to Exclude, *i.e.*, that: (1) Defendants failed to disclose Mr. Telle as an expert witness in violation of Federal Rule of Civil Procedure 26; and, (2) the expert opinions in Mr. Telle's affidavit are inadmissible under Federal Rule of Evidence 702. Having reviewed the parties' submissions, the record, and the relevant law, and for the reasons

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Governor Michelle Lujan Grisham has been automatically substituted for former Governor Susana Martinez.

[2] This nondispositive motion is before the Court pursuant to Local Rule of Civil Procedure 73.1(a). D.N.M.LR-Civ. 73.1(a); *see also* Fed. R. Civ. P. 72(a). In addition, the motion seeks to exclude evidence offered in opposition to the Pueblos' summary judgment motions (Docs. 67, 68), which are before the Court pursuant to the Notice, Consent, and Reference of Dispositive Motions to a Magistrate Judge (Doc. 105) filed in this case on October 16, 2018.

1

set forth below, the Court finds that the Pueblos' Motion to Exclude should be GRANTED IN PART and DENIED IN PART as follows.

I. <u>Defendants should have disclosed Mr. Telle as an expert under Rule 26, but their failure to do so was substantially justified or is harmless.</u>

Pursuant to Rule 26, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). At a minimum, a party must also disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(B), (C). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to make these disclosures, "the party is not allowed to use that . . . witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts may also impose any other appropriate sanctions, including those listed in Rule 37(b)(2)(A)(i) through (vi). Fed. R. Civ. P. 37(c)(1)(C).

The parties agree that Defendants did not disclose Mr. Telle as an expert witness under Rule 26(a), and that the time for them to do so has passed. (*See* Doc. 54 at 2 (Defendants' Rule 26(a)(2) expert disclosures due by March 15, 2018).) However, the parties disagree regarding whether Defendants have offered Mr. Telle as an expert or lay witness. Fed. R. Civ. P. 26(a)(2)(A). The Pueblos claim that Mr. Telle's affidavit includes opinions that would be admissible, if at all, as expert testimony under Rule 702, while Defendants argue that his affidavit includes only lay opinions admissible under Rule 701.

Rule 701 provides that

[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

2

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Rule 702, in turn, provides that

[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 701 "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011). Helpfully, "[t]wo Tenth Circuit cases illustrate the difference between Rule 701 lay opinion testimony and Rule 702 expert testimony." *Id.* In *Bryant v. Farmers Insurance Exchange,* 432 F.3d 1114 (10th Cir. 2005), the Tenth Circuit held that a witness should have been permitted to testify to basic mathematical calculations under Rule 701:

[t]aking a simple average of 103 numbers, though technically a statistical determination, is not so complex a task that litigants need to hire experts in order to deem the evidence trustworthy. A mathematical calculation well within the ability of anyone with a grade-school education is, in our opinion, more aptly characterized as a lay opinion under Fed. R. Evid. 701.

*Id.* at 1124. Conversely, in *LifeWise Master Funding v. Telebank,* 374 F.3d 917 (10th Cir. 2004), the Tenth Circuit found a CEO's testimony about his company's lost profits inadmissible under Rule 701 because his testimony was based on "sophisticated economic models" such as "moving averages, compounded growth rates, and S-curves." *James River Ins. Co.*, 658 F.3d at 1214; *LifeWise Master Funding*, 374 F.3d at 929. The *LifeWise Master Funding* court confirmed that a witness cannot testify about "technical, specialized subjects under Rule 701," and explained that "a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." 374 F.3d at 929 (quotation omitted).

Applying *Bryant* and *LifeWise Master Funding* to the facts before it in *James River Insurance Co.*, the Tenth Circuit found that the opinions of the defendant company's principal regarding property valuation were expert rather than lay opinions. 658 F.3d at 1214-16. The Tenth Circuit first noted that "calculating depreciation requires more than applying basic mathematics. Technical judgment is required." *Id.* at 1214. The court also observed that the witness relied on his "professional experience" to "[a]ccurately account[] for the interaction between depreciation and damages[.]" *Id.* at 1215. "[K]nowledge derived from previous professional experience falls squarely within the scope of Rule 702 and thus by definition outside of Rule 701." *Id.* The court further noted that the witness based his testimony not only on his professional experience, but also "on a technical report by an outside expert." *Id.* Finally, the court cautioned that the Rule 701 advisory committee note "allowing business owners to testify about the value of their businesses does not allow for Rule 702 testimony to be admitted under Rule 701." *Id.* at 1216.

Quoting the Advisory Committee Notes to Rule 701's 2000 amendments, the Tenth Circuit explained:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an

expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

*Id.*

In *Ryan Development Co., L.C. v. Indiana Lumbermens Mutual Insurance Co.*, 711 F.3d 1165, 1170-71 (10th Cir. 2013), the Tenth Circuit confirmed that the nature of a witness's testimony, and not the witness's job title, determines whether the testimony falls under Rule 701 or Rule 702. The court in that case observed that "accountants often testify as expert witnesses," but found that the opinions of two accountants were properly admitted under Rule 701 where they "used basic arithmetic, personal experience, and no outside expert reports in calculating lost income[.]" *Id.* at 1170; *see also, e.g., First Annapolis Bancorp, Inc. v. United States,* 72 Fed. Cl. 204, 207 (2006) ("While lay witness opinion testimony is more restricted than expert testimony, a lay witness accountant may testify on the basis of facts or data perceived in his role as an accountant based on his personal knowledge of the company.").

Applying these decisions to the present matter, the Court finds that Mr. Telle's affidavit includes both testimony based on facts or data Mr. Telle perceived while working for the New Mexico Gaming Control Board ("NMGCB"), and opinions based on his technical and other specialized knowledge within the scope of Rule 702.[3] *See id.* ("A witness may provide both lay and expert testimony."); Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments ("Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*." (emphases in original)). However, the bulk of the opinions Mr. Telle

---

[3] Mr. Telle's lay testimony is not subject to exclusion under Rules 26 and 37 because Defendants timely disclosed Mr. Telle as a fact witness in their Initial Disclosures. (*See* Doc. 112-1 at 2.)

expressed fall under Rule 702 because they are beyond the realm of common experience, require specialized knowledge, and could not be reached by an ordinary person lacking his specialized education, training, and experience in accounting, the law, and the gaming industry.

Mr. Telle has been employed by the NMGCB from 2008 to the present and worked in the area of "Tribal Compact Compliance" from 2010 to 2015.[4] (Doc. 99-12 at 1-2.) He has a bachelor's degree in accounting and a law degree, and his past work experience includes employment as an accountant, a controller, and an attorney.[5] (*Id.*) In his affidavit, Mr. Telle did much more than simply quote the American Institute of Certified Public Accountants' ("AICPA") Audit and Accounting Guide—Gaming ("Gaming Guide") and the 2007 gaming compacts between the State of New Mexico ("State") and the Pueblos ("2007 Compacts"), as Defendants contend. Rather, like the witness in *James River Insurance Co.*, he applied technical judgment, and relied on his professional education and experience—which he took care to list in some detail—to define and interpret legal, contractual, accounting, and gaming industry terms, and to opine about the applicability, requirements, and interplay of generally accepted accounting principles ("GAAP"), the 2007 Compacts, the Gaming Guide, Financial Accounting Standards Board ("FASB") and Governmental Accounting Standards Board ("GASB") standards, and federal law.[6] In expressing

---

[4] In light of the fact that Mr. Telle did not begin working for the NMGCB until 2008, his testimony that the parties negotiated and agreed to certain provisions in the 2007 Compacts is unsupported by a demonstration of personal knowledge and is therefore inadmissible as lay testimony. Fed. R. Evid. 602; (*see* Doc. 99-12 at 1-5.)

[5] The Court is at something of a loss to understand Defendants' assertion that Mr. Telle is "not an accountant," (Doc. 115 at 11), in light of his testimony that he has had two jobs as an accountant, two as a controller, and one as an accounting instructor. (Doc. 99-12 at 2.)

[6] For example, Mr. Telle attested to his opinion that

> [t]he AICPA Guide is authoritative in the treatment of free play for the purpose of preparing Financial Statements in conformity with GAAP. But . . . the Guide is irrelevant in the interpretation of a Compact provision as to the method of calculating a payment obligation negotiated and agreed to by the parties to the Compact. It is debated whether FASB GAAP is authoritative for Native American Tribes and the Casinos that they own and/or operate. Based upon my experience of these

6

these opinions, he necessarily relied on terminology not in common use, such as "Class III Gaming Machine," "Slot Accounting Systems," and "gross gaming revenue," as well as common terms with specialized meanings, such as the gaming entity's "win," meaning "the difference between [the entity's] gaming wins and losses before deducting costs and expenses." (*Id.* at 2-7.) Moreover, in preparing his affidavit, Mr. Telle reviewed not only the Gaming Guide and the 2007 Compacts, but also the expert report and deposition of the Pueblos' expert witness, accountant Andrew Mintzer, as well as the "substantive pleadings" in this case. (*Id.* at 3); *compare Ryan Dev. Co., L.C.*, 711 F.3d at 1170-71 (accountants testified as lay witnesses where they "used basic arithmetic, personal experience, and no outside expert reports in calculating lost income").

In short, Mr. Telle expressed opinions based on technical and other specialized knowledge under Rule 702, and Defendants should have disclosed him as an expert witness under Rule 26. Thus, the Court must next determine whether to prohibit Defendants from relying on Mr. Telle's expert testimony in defending against the Pueblos' summary judgment motions, or whether their failure to disclose him as an expert was "substantially justified" or is "harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life. Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). In making this discretionary decision, "a court must present an explanation for its choice sufficient to enable a reviewing court to determine that it did not act thoughtlessly, but instead considered the factors relevant to its decision and in fact exercised its discretion." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1203 (10th Cir. 2017).

---

matters, it is of no relevance to the treatment of [electronic free play] in the calculation of Class III Gaming Machine Revenue that is subject to Revenue Sharing under the Compact.

(Doc. 99-12 at 4 ¶¶ 10-11.)

> A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc.*, 170 F.3d at 993 (citation omitted). "Without a finding of bad faith or gamesmanship courts are loathe to invoke the strong medicine of precluding expert testimony." *Harvey v. THI of N.M. at Albuquerque Care Ctr.*, Civ. No. 12-727 MCA/LAM, 2015 WL 13667111, at *6 (D.N.M. Mar. 31, 2015) (ellipses omitted); *see also Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) ("The decision to exclude evidence is a drastic sanction.").

Applying the *Woodworker's Supply* factors to the particular circumstances of this case, the Court finds that Defendants' failure to disclose Mr. Telle as an expert was substantially justified or is harmless.[7] Regarding the first and second factors, as explained in Section II below, most of Mr. Telle's expert opinions concern ultimate questions of law and will be excluded on that basis; and, any residual expert opinions in his affidavit would not alter the Court's ruling on the Pueblos' summary judgment motions. Thus, to the extent Defendants' failure to disclose Mr. Telle as an expert ever prejudiced the Pueblos, their motions practice cured that prejudice. Regarding the third factor, Defendants' failure to disclose Mr. Telle as an expert has not disrupted the trial of this matter, because no trial has yet been scheduled. Finally, regarding the fourth factor, the Court finds that Defendants did not act willfully or in bad faith, but rather in the mistaken belief that the opinions Mr. Telle expressed in his affidavit are lay rather than expert opinions. In short, all of the *Woodworker's Supply* factors favor Defendants, and the Court therefore declines to impose the

---

[7] The Pueblos are mistaken in asserting that Defendants conceded this issue. (Doc. 121 at 8.) While Defendants did not directly address the *Woodworker's Supply* factors, they did argue at some length that the opinions expressed in Mr. Telle's affidavit are lay opinions, and that as such they were not required to disclose him as an expert under Rule 26(a). (Doc. 115 at 6-14.)

drastic sanction of excluding Mr. Telle's affidavit in its entirety under Rules 26(a) and 37(c). *Summers*, 132 F.3d at 604.

II. <u>Mr. Telle's opinions regarding ultimate legal issues are inadmissible under Rules 702 and 704.</u>

However, the Court will exclude most of the expert opinions Mr. Telle expressed in his affidavit as inadmissible opinions on ultimate legal issues.

> Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day.

Fed. R. Evid. 704, Advisory Committee Notes to 1972 amendments.

> While testimony on ultimate facts is authorized under Rule 704, the committee's comments emphasize that testimony on ultimate questions of law is not favored. The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case.

*Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988); *see also Anderson v. Suiters*, 499 F.3d 1228, 1237 (10th Cir. 2007) ("[T]estimony on ultimate questions of law, *i.e.*, legal opinions or conclusions, is not favored.").

"Following the advisory committee's comments, a number of federal circuits have held that an expert witness may not give an opinion on ultimate issues of law," including "legal opinions as to the meaning of the contract terms at issue." *Specht*, 853 F.3d at 808 (quoting *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505 (2d Cir. 1977)). As the Tenth Circuit explained, while "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible[,]" *id.* at 809, "an expert may not state his or her opinion as to legal standards nor may

9

he or she state legal conclusions drawn by applying the law to the facts."[8] *Pioneer Centres Holding Co. Empl. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1342–43 (10th Cir. 2017) (quotation marks omitted).

In his affidavit, Mr. Telle clearly expressed opinions about the legal standards applicable to this case and stated legal conclusions he drew by applying the law as he interpreted it to the facts as he understood them. Specifically, in paragraphs six, seven, ten, and eleven, Mr. Telle opined that neither the 2007 Compacts nor federal law require the Pueblos to comply with GAAP in calculating their revenue sharing obligations under the 2007 Compacts. (Doc. 99-12 at 3-5.) Rather, in paragraphs four, five, seven, eleven, fourteen, and fifteen, Mr. Telle opined that the State's interpretation of the 2007 Compacts' revenue sharing provisions is right and the Pueblos' interpretation is wrong. (*Id.* at 2-7.) The Court will exclude and disregard these opinions on ultimate legal issues. *See Harjo v. City of Albuquerque*, 326 F. Supp. 3d 1145, 1210 (D.N.M. 2018) ("The Court may disregard legal opinions in an expert declaration.").

Defendants attempt to save Mr. Telle's affidavit by arguing that it is admissible as a Rule 56(d) affidavit. Federal Rule of Civil Procedure 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A Rule 56(d) affidavit or declaration

> must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the [nonmovant] to obtain those facts and rebut the motion for summary judgment.

---

[8] Consequently, the Pueblos' decision not to ask Mr. Mintzer to opine on ultimate legal issues was entirely proper, and the Court rejects Defendants' argument that the Pueblos moved to exclude Mr. Telle's affidavit as a willful or bad-faith strategy to compensate for the decision. (Doc. 115 at 2-3.)

*Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249-50 (10th Cir. 2015). "We expect Rule 56(d) motions to be robust, and we have observed that an affidavit's lack of specificity counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule." *Birch*, 812 F.3d at 1249-50 (alteration omitted).

Mr. Telle's affidavit contains only one sentence that could even remotely be construed as relating to Defendants' Rule 56(d) request, *i.e.*, "[t]he Pueblos have not been forthcoming with the data needed to assess the proper Net Win calculation, further delaying the State's actual notice of the accounting discrepancies." (Doc. 99-12 at 7.) This lone sentence is neither robust nor specific as to the probable facts not available to Defendants and why those facts cannot be presented currently. Also, it provides no information at all regarding what steps have been taken to obtain the probable facts Defendants lack, or how additional time will enable Defendants to obtain those facts and rebut the Pueblos' summary judgment motions. Further, it concerns information that is irrelevant to the issues the Pueblos' summary judgment motions raise. Finally, even if this one sentence were admissible under Rule 56(d), the improper legal opinions strewn throughout Mr. Telle's affidavit would not be. In short, Rule 56(d) does not salvage the opinions regarding ultimate legal issues that Mr. Telle expressed in his affidavit.

Defendants also argue that, if Mr. Telle's legal opinions are improper, so are the opinions Assistant Secretary of the Interior Kevin Washburn expressed in his 2015 letters to the Governors of the Pueblos of Isleta, Tesuque, and Santa Clara, and those then-State Auditor Hector Balderas expressed in his December 2014 letter to the NMGCB.[9] (Doc. 115 at 4; *see* Doc. 1-4 at 3; Doc. 1-

---

[9] Presumably, Defendants' argument would also apply to Assistant Secretary Roberts' 2016 letters to the Governors of the Pueblos of Sandia and San Felipe, and Deputy Assistant Secretary Clarkson's 2017 letter to the Governor of the Pueblo of Pojoaque. (*See* Doc. 1-5 at 4; Doc. 36-1 at 2; Doc. 67-5 at 1.)

6 at 2; Doc. 67-4 at 1; Doc. 68-20 at 2.) Initially, what is before the Court on the Pueblos' Motion to Exclude is the admissibility of Mr. Telle's affidavit, and not of Mr. Washburn's and Mr. Balderas' letters. That other record evidence may also be inadmissible does not rescue Mr. Telle's inadmissible testimony. Further, as will be discussed in its Memorandum Opinion and Order on the parties' summary judgment motions, the Court has considered whether Mr. Washburn's letters are relevant and admissible, not as an expert opinion, but rather as evidence of a federal agency's statutory interpretation entitled to some form of deference, and has concluded that no deference is due.[10] Defendants' ancillary attack on Mr. Washburn's and Mr. Balderas' letters simply does not persuade the Court that Mr. Telle's legal opinions are admissible.

For all of the above reasons, the Court will grant the Pueblos' Motion to Exclude in part, and will exclude Mr. Telle's opinions on ultimate legal issues from the record in deciding the Pueblos' summary judgment motions. The Court will deny the remainder of the Pueblos' Motion to Exclude.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[10] Whether Mr. Balderas' letter evidences an agency determination that could be entitled to any kind of deference in this case is unclear. *Compare U.S. W. Commc'ns, Inc. v. Hix*, 986 F. Supp. 13, 17 (D. Colo. 1997) (state agency's interpretation of federal law is not entitled to deference) *with Indep. Inst. v. Gessler*, 869 F. Supp. 2d 1289, 1301 (D. Colo. 2012) (state agency's interpretation of state law may be entitled to deference). However, the parties have not briefed this issue, and the Court need not decide it because Mr. Balderas' letter would not alter the Court's decision on the Pueblos' summary judgment motions even if it were entitled to deference.